UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

VERTIES D. TORAN,

                              Plaintiff,

      v.                                       3:09-cv-1381

CITY OF BINGHAMTON, et al,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

      Plaintiff Verties Toran, proceeding *pro se*, commenced the instant action asserting claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. and the New York Human Rights Law ("NYHRL"), N.Y. Exec. Law § 296. Presently before the Court is Defendants' motion to dismiss on the grounds that: (1) the instant action is untimely; (2) the individual Defendants may not be held liable under Title VII; and (3) the state law claim is barred by the election of remedies doctrine.

**I.     FACTS**

      As is relevant hereto, Plaintiff was employed by the City of Binghamton. His employment was terminated in June or July 2008. Plaintiff dually filed a charge of discrimination with both the New York Division of Human Rights ("NYSDHR") and the Equal Employment Opportunity Commission. The Complaint alleges that Plaintiff received the right to sue letter on or about September 4, 2009. Plaintiff commenced the instant action on December 11, 2009.

## II.     STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must plead 'enough facts to state a claim for relief that is plausible on its face.'" Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Turkmen v. Ashcroft, 589 F.3d 542, 546 (2d Cir. 2009) (quoting Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009)).  Even post-Twombly, the Court construes *pro se* complaints liberally.  Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

## III.    DISCUSSION

### a.    INDIVIDUAL LIABILITY UNDER TITLE VII

The individual Defendants move to dismiss the Title VII claims against them on the ground that individuals are not personally liable under Title VII.  It is well-settled in this Circuit that "the remedial provisions of Title VII, including § 2000e-5, do not provide for individual liability." Spiegel v. Schulmann, — F.3d —, 2010 WL 1791417, at *5 (2d Cir. May 6, 2010); see also Tomka v. Seiler Corp., 66 F.3d 1295, 1313-14 (2d Cir. 1995).  Accordingly, the Title VII claims against the individual Defendants must be DISMISSED.

### b.    ELECTION OF REMEDIES

Defendants next move to dismiss the state law claims under the election of remedies doctrine.  Pursuant to N.Y. Exec. Law § 297(9):

> Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages, including, in cases of housing discrimination only, punitive damages, and such other remedies as may be appropriate, including any civil fines and penalties

> provided in subdivision four of this section, *unless such person had filed a complaint hereunder or with any local commission on human rights*, or with the superintendent pursuant to the provisions of section two hundred ninety-six-a of this chapter, provided that, where the division has dismissed such complaint on the grounds of administrative convenience, on the grounds of untimeliness, or on the grounds that the election of remedies is annulled, such person shall maintain all rights to bring suit as if no complaint had been filed with the division.

(emphasis added).  "[B]y the terms of the statute . . . the NYHRL . . . claim[], once brought before the NYSDHR, may not be brought again as a plenary action in another court. . . . Furthermore, once a plaintiff brings a case before the NYSDHR, he or she may appeal only to the Supreme Court of State of New York."  York v. Ass'n of Bar of City of New York, 286 F.3d 122, 127 (2d Cir. 2002) (citing Moodie v. Federal Reserve Bank of New York, 58 F.3d 879, 882 (2d Cir. 1995), and N.Y. Exec. Law § 298).

Here, Plaintiff filed a complaint with the NYSDHR on or about August 18, 2008.  Compl. at ¶ 10.  On February 11, 2009, the NYSDHR concluded its investigation, finding that there was no probable cause to support Plaintiff's complaint.  See Def.'s Ex. B.  Because the NYSDHR completed its investigation and the matter was not dismissed on grounds of administrative convenience or untimeliness, Plaintiff may not bring an action in this Court asserting violations of the NYHRL or seeking review of NYSDHR's determination.  Accordingly, those claims are DISMISSED.

        c.     **TIMELINESS**

Defendants also move to dismiss on the ground that Plaintiff failed to commence the instant action within 90 days of having received the right to sue letter as required by 42 U.S.C. § 2000e-5(f)(1).  Plaintiff responds that "[t]he filing of the federal claim was made on December 11, 2009 based on a notation of an acquaintance trying to assist plaintiff and upon whose notation plaintiff relied.  That notation stated, perhaps in error . . . that the 'right-to sue'

notice was received by Plaintiff on September 15. . . . [P]laintiff did not then, and does not now, have the envelope in which the letter came, nor recall exactly when it was actually received. The date written by plaintiff on the [Complaint] was not an unquestionable fact or a certain recollection." Pl.'s Mem. of Law at 2.

The Complaint was filed on December 11, 2009. Thus, if Plaintiff received the right to sue letter on any date before September 12, 2009 the instant action would be untimely.[1] The right to sue letter was mailed from the EEOC in New York City to Plaintiff in Binghamton, New York on September 2, 2009. See Compl. at Ex. 1. "[N]ormally it may be assumed, in the absence of a challenge, that a notice provided by a government agency has been mailed on the date shown on the notice." Sherlock v. Montefiore Medical Center, 84 F.3d 522, 526 (2d Cir. 1996); see also Johnson v. St. Barnabas Nursing Home, 2010 WL 744357 (2d Cir. Mar. 5, 2010) (unpublished). Similarly, absent evidence to the contrary, "it is assumed that a mailed document is received three days after its mailing." Id. at 525; Johnson, 2010 WL 744357.

In his Complaint, Plaintiff alleges he received the right to sue letter "on or about September 4, 2009" (which is two days after the mailing). Considering the above presumptions, Plaintiff's allegation in the Complaint that he received the notice "on or about" September 4, and his failure to contend that the notice was not actually sent on the date shown on the notice or that he actually received the notice ten or more days after the date

---

[1] September 12 is ninety days before December 11, 2009.

shown on the notice,[2] the Court finds that Plaintiff failed to file this action within 90 days of having received the right to sue letter. Accordingly, this instant action is untimely.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED.

IT IS SO ORDERED.

Dated: May 20, 2010

_____
Thomas J. McAvoy
Senior, U.S. District Judge

---

[2] Indeed, Plaintiff states that he does not recall when he actually received the notice or have any evidence to prove when it was actually mailed or received.